# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT A. WILLIAMS,
        Plaintiff,

    v.                                        Case No. 06C1051

MATTHEW FRANK,
ROBERT HUMPHREYS,
BRAD HOMPE, CAPTAIN ALDANA,
LT. CAIRA, TERESA WIEGAND,
RICK RAEMISCH, SANDRA HAUTAMAKI
and BRENDA LaBELLE,
        Defendants.

## DECISION AND ORDER

Plaintiff Scott A. Williams, incarcerated at the Racine Correctional Institution ("RCI"), lodged a pro se complaint under 42 U.S.C. § 1983. By order of November 8, 2006, I granted plaintiff's petition to proceed in forma pauperis and concluded that his complaint arguably stated an Eighth Amendment claim and a Fourteenth Amendment due process claim. However, I dismissed plaintiff's Fourteenth Amendment equal protection claim because it concluded that the factual allegations of the complaint did not implicate the equal protection clause of the fourteenth amendment. I then ordered the United States Marshal to serve a copy of the complaint and summons on the defendants.

Before me is plaintiff's motion for leave to file an amended complaint. Plaintiff seeks to amend the complaint to add a First Amendment claim and to cure the deficiencies in connection with the equal protection claim.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff "may amend [his] pleading once as a matter of course at any time before a responsive pleading

is served." To date, a responsive pleading has not been served in this case. An amended complaint supersedes the prior complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. (citations omitted); see also Civil L.R. 15.1 (E.D. Wis.) ("Any amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). Thus, I will grant plaintiff's motion for leave to file an amended complaint and it will screen the proposed amended complaint which is now the operative complaint in this action.[1]

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). A court may,

---

[1] The plaintiff did not submit copies of the exhibits attached to the original complaint with his amended complaint but instead asks me to "use the originals" because he has not "changed any of the exhibits." (Pl.'s Mot. for Leave to File Am. Compl. at 1.) While Civil Local Rule 15.1 prohibits the practice of incorporating any prior pleading by reference, I believe that the plaintiff's pro se status warrants incorporation of the exhibits filed with the original complaint into the amended complaint.

2

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, a court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). A court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)

3

Case 2:06-cv-01124-LA   Filed 11/27/06   Page 3 of 8   Document 6

(quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for a civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

At all relevant times, plaintiff was incarcerated at the RCI. The named defendants are: Secretary of the Department of Corrections ("DOC") Matthew Frank, RCI Warden Robert Humphreys, RCI Assistant Warden Brad Hompe, Administrative Captain Aldana, Lt. Caira, RCI unit manager Teresa Wiegand, and correctional complaint examiners Rick Raemisch, Sandra Hautamaki and Brenda LaBelle.

The amended complaint alleges that on August 11, 2006, plaintiff was informed by Lt. Caira that a no-contact order had been issued by RCI at the request of Tom and Vicki Thiery, his son's guardians and the parents of his "future wife," Julie Thiery. Pursuant to the no-contact order, plaintiff was prohibited from contacting the Thierys, his son or his future wife through written letters, phone calls or a third party. Plaintiff contends that such order was issued without a hearing or court order and that he was told he would be subject to disciplinary action if he violated the order. All of plaintiff's administrative challenges and informal inquiries relating to the no-contact order were rejected by the various defendants. According to the plaintiff, the defendants' imposition and enforcement of the no-contact order amount to a violation of his Fourteenth Amendment equal protection and due process rights, his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to freedom of association.

4

# I. Fourteenth Amendment Claims

## A. Equal Protection

The plaintiff claims that he was "treated in a discriminatory way by the Defendants when they issued the 'No Contact Order'" and that he is being "treated differently than others for no rational reason." To comply with equal protection, governmental entities generally must treat similarly-situated persons in a similar manner. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). In equal protection analysis, the level of scrutiny that applies to a government action varies depending upon whether the plaintiff is a member of a suspect class, or whether a fundamental right is at stake. Id. Prisoners do not constitute a suspect class and thus, state actions concerning prisoners as a group are generally not entitled to heightened scrutiny. Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990).

However, "class of one" equal protection claims arise without regard to protected-class status where the plaintiff "has been intentionally treated differently from others similarly situated and . . . there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). In the Seventh Circuit, "class of one" claims under § 1983 require the plaintiff to "present evidence that the defendant deliberately sought to deprive him of the equal protection of the law for reasons of a personal nature unrelated to the duties of the defendant's position." Hilton v. City of Wheeling, 209 F.3d 1005, 1008 (7th Cir. 2000). A class of one plaintiff must show that "the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus toward the plaintiff by the defendants." Id.

5

The allegations of the amended complaint arguably state an equal protection claim. Plaintiff avers that he was treated differently from other similarly situated prisoners. Therefore, he will be allowed to proceed on this claim.

**B.    Due Process**

Next, plaintiff asserts (as he did in his original pleading) that defendants violated his due process rights by issuing the no-contact order without providing him with an attorney, a hearing before a judge, written notice of a hearing or an investigation.  In the order of November 8, 2006, this court determined that at this stage of the proceedings, the plaintiffs' contention that an order depriving him of contact with his son and future wife was imposed without notice, a hearing, or an investigation arguably stated a procedural due process claim.  As a result, plaintiff will still be allowed to proceed on this claim.

## II. Eighth Amendment Claim

Plaintiff claims that the imposition and enforcement of the no-contact order with respect to his son and future wife rises to the level of cruel and unusual punishment.  To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that deprives the inmate "the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Only extreme deprivations will support an Eighth Amendment claim.  Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001).  Prison officials are deliberately indifferent to deprivations

6

suffered by inmates if they have knowledge of the condition but refuse to take steps to correct it. Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir. 1997).

For the reasons set forth in my November 8, 2006, decision, I find that the allegations in plaintiff's amended complaint arguably state an Eighth Amendment claim.

### III. First Amendment Claim

In his amended complaint, plaintiff has added a claim that the defendants' conduct deprived him of his First Amendment right to communicate with his son and future wife. The United States Supreme Court has said that "the Constitution protects 'certain kinds of highly personal relationships.'" Overton v. Bazetta, 539 U.S. 126, 131 (2003) (quoting Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984). Outside the prison context, the Court has discussed the right to "maintain certain familial relationships, including association among members of an immediate family." Overton, 539 U.S. at 131 (citing Moore v. East Cleveland, 431 U.S. 494 (1977) (plurality opinion)). However, inside the prison context, prisoners surrender many of their liberties and privileges. Indeed, inmates do not retain rights inconsistent with proper incarceration and freedom of association is one of the rights least compatible with incarceration. Overton, 539 U.S. at 131 (internal citations omitted). As a result, some curtailment of that freedom should be expected in the prison context. Id.

When a prison rule or regulation restricts a prisoner's First Amendment rights, it is valid only if it is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987); Lindell v. Frank, 377 F.3d 655, 657 (7th Cir. 2004). Courts must consider four factors when determining whether a prison regulation is constitutional:

> whether the regulation is rationally related to a legitimate and neutral governmental objective; whether there are alternative means of exercising the right that remain open to the inmate; what impact an accommodation of the

7

asserted right will have on guards and other inmates; and whether there are obvious alternatives to the regulation that show that it is an exaggerated response to prison concerns.

Lindell, 377 F.3d at 657 (citing Turner, 482 U.S. at 89-91).

In this case, it is possible to envision a security justification that would support the defendants' enforcement of the no-contact order. However, to do so would be premature at this stage of the proceedings. Thus, the plaintiff will be allowed to proceed on his First Amendment claim.

**For the foregoing reasons,**

**IT IS ORDERED** that the plaintiff's motion to amend the complaint is **GRANTED.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS ADDITIONALLY ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 22 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge

8

Case 2:06-cv-01124-LA   Filed 11/27/06   Page 8 of 8   Document 6