# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID L. A. WILLIAMS,**
       **Plaintiff,**

    v.                                           Case No. 06-C-1124

**MILWAUKEE POLICE DEPARTMENT,**
**OFFICER MISCICHOSKI,**
**OFFICER PRATT,**
**OFFICER VAGGININI,**
**OFFICER KLINE,**
**OFFICER HANANAN and**
**GRANT LANGLEY,**
       **Defendants.**[1]

## DECISION AND ORDER

Plaintiff, David L. A. Williams, filed this pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before me on plaintiff's petition to proceed in forma pauperis, applications for supplemental security income and request for witnesses.

### I. PETITION TO PROCEED IN FORMA PAUPERIS

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist,

---

[1] By letter of April 3, 2007, plaintiff advised the court that defendant Milwaukee Police Department was omitted from the caption in this case. Review of the complaint reveals that "MPD" is named as a defendant. (See Compl. at 1). Thus, the caption will be amended accordingly.

collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[2]

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Thus, plaintiff will be permitted to proceed in forma pauperis. The balance of the filing fee will be collected as set forth below.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

---

[2] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se

3

allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**A.    Background**

Plaintiff is currently incarcerated at the Milwaukee County House of Correction. The complaint names the Milwaukee Police Department, Officer Miscichoski, Officer Pratt, Officer Vagginini, Officer Kline and Officer Hananan as defendants. Milwaukee City Attorney Grant Langley has also been identified as a defendant.

Plaintiff alleges that on April 11, 2006, defendant Miscichoski testified in plaintiff's criminal case, State v. Williams, No. 05-CF-002068, in Milwaukee County Circuit Court. Defendant Miscichoski stated that he arrested plaintiff and, at the time of arrest, plaintiff was wearing brown clothing and carrying a prescription bottle in his right pocket. Plaintiff asserts that defendant Miscichoski did not testify truthfully and that he was not wearing brown clothes on the date in question. According to the complaint, defendant Miscichoski filed a false police report against plaintiff in order to secure his arrest. Furthermore, defendants Pratt and Hananan threatened to shoot plaintiff.

After the April 11, 2006, proceedings, plaintiff's attorney subpoenaed the Milwaukee Police Department or the City of Milwaukee's attorney for release of defendant Miscichoski's files. Although this information could also be obtained through use of an open records request, plaintiff avers that defendant Grant Langley prevented the release of the records. Inasmuch as the information contained in defendant Miscichoski's file may have proven that his testimony was false, plaintiff avers that defendant Langley's actions deprived him of his rights and freedom.

4

Plaintiff charges defendants with false arrest, harassment, perjury, misconduct of office, conspiracy and defacing justice under oath. For relief, he demands monetary damages.

**B.    Analysis**

Plaintiff alleges that he was arrested because defendant Miscichoski falsified a police report. Whether plaintiff's arrest was valid depends on whether defendants had probable cause to execute the arrest. Beck v. Ohio, 379 U.S. 89, 91 (1964); see also Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006)(the existence of probable cause precludes a § 1983 suit for false arrest). Thus, plaintiff may proceed with this claim.

Plaintiff further avers that defendants Miscichoski, Pratt, Kline and Hananan threatened to shoot him. While defendants' conduct may have been unprofessional, it does not violate plaintiff's constitutional rights. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); see also Mallory v. Winchester, No. 06-CV-136, 2006 WL 3714838, at *2 (N.D. Ind. Dec. 12, 2006)(citing DeWalt to find that verbal harassment by prison officials did not violate plaintiff's first amendment rights). Thus, plaintiff's allegations concerning defendants' threats fail to state a claim.

Next, plaintiff contends that defendant Miscichoski committed perjury while testifying in State v. Williams. The Executive Branch has the "exclusive authority and absolute discretion to decide whether to prosecute cases." United States v. Nixon, 418 U.S. 683, 693 (1974). Further, a private citizen, such as the plaintiff, has no standing to sue based on any

interest in prosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, plaintiff may not proceed on this claim.

Next, plaintiff asserts that defendant Langley refused to provide plaintiff with potentially exculpatory information from defendant Miscichoski's files. The suppression of evidence favorable to an accused is sufficient to amount to a denial of due process "where the evidence is material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963); Kyles v. Whitley, 514 U.S. 419, 437-38 (1995). Thus, plaintiff may proceed on a due process claim.[3]

Finally, plaintiff charges defendants with conspiracy. It is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that defendants have notice of what they are charged with. Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003); see also Walker v. Thompson, 288 F.3d 1005 (7th Cir. 2002). In the present case, plaintiff has identified one party (defendant Langley), the general purpose of the conspiracy (to withhold exculpatory evidence) and the approximate date (April, 2006). Although it is unclear which, if any, of the remaining defendants participated in the alleged conspiracy with defendant Langley, I have been instructed to liberally construe the complaint. See Haines, 404 U.S. at 520-21. Moreover, plaintiff's conspiracy claims notifies

---

[3]It is unclear at this stage of the proceedings whether defendant Langley is immune from suit. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(where a prosecutor acts in a quasi-judicial capacity, she is entitled to absolute immunity for damages, but when the prosecutor's conduct is administrative or investigatory in nature, she is entitled only to qualified immunity); see also Hunt v. Jaglowski, 926 F.2d 689 (7th Cir. 1991)(same). Inasmuch as courts have been instructed to construe such doubts in plaintiff's favor, see Jenkins, 395 U.S. at 421, he may proceed with his claim against defendant Langley.

6

defendants of what they are charged with. See Hoskins, 320 F.3d at 764. Thus, plaintiff may proceed with this claim.

Plaintiff's allegations that defendants are guilty of misconduct of office and defacing justice under oath add little to the above-mentioned claims. Morever, this court is required to analyze the plaintiff's allegations under the most "explicit source[s] of constitutional protection." Graham v. Connor, 490 U.S. 386, 395 (1989). Here, the salient claims are due process, false arrest and conspiracy.[4]

Defendant additionally named the Milwaukee Police department and Officer Vagginini as defendants. The police department is not a separate entity that can be sued under § 1983. Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir.1997); West v. Waymire, 114 F.3d 646, 646-47 (7th Cir.1997). Rather the City of Milwaukee is the appropriate defendant. Id. However, even if Williams had named the City of Milwaukee as a defendant he has not stated a claim. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). To state a claim against a municipality, a plaintiff must allege :

> (1) an express policy that, when enforced, causes a constitutional deprivation;(2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

---

[4]It is unclear whether plaintiff has stated claims that are barred under Heck v. Humphrey, 512 U.S. 477 (1994). Because I have been instructed to construe such doubts in plaintiff's favor, see Jenkins, 395 U.S. at 421, he may proceed with the claims as described herein.

7

Baxter v. Vigo County School Corp., 26 F.3d 728, 734-35 (7th Cir.1994) (internal citations and quotations omitted). Plaintiff has not provided any facts showing that the alleged violation of his constitutional rights occurred at the direction, or with the knowledge and consent, of the City of Milwaukee, or occurred at the direction of an officer with final policy making authority. Similarly, plaintiff has failed to allege any personal involvement on the part of Officer Vagginini, and thus I also will dismiss the claim against him.

## II. APPLICATIONS FOR SUPPLEMENTAL SECURITY INCOME

On December 28, 2006, and January 16, 2007, plaintiff filed applications for supplemental security income. It appears that these documents concern plaintiff's pending request for social security benefits. Plaintiff has not indicated how his social security applications relate to the issues in the present action. Therefore, they I will disregard them.

## III. REQUEST FOR WITNESSES

On December 4, 2006, plaintiff filed a witness list, requesting that Milwaukee Police Department Officers James Guilder and Timothy Graham be placed on record as his witnesses. Plaintiff's request is premature. Defendants have not been served with a copy of the complaint, no answer has been filed and no discovery has been conducted. Therefore, at this stage of the proceedings, it is unclear whether it will be necessary for plaintiff to call any witnesses. Accordingly, plaintiff's request is denied without prejudice.

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (Doc. # 2) is **GRANTED.**

8

**IT IS FURTHER ORDERED** defendant Milwaukee Police Department is **DISMISSED.**

**IT IS ORDERED** that defendant Officer Vagginini is **DISMISSED.**

**IT IS ORDERED** that plaintiff's request for witnesses (Doc. # 7) is **DENIED.**

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

9

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 29 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge