# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAVID L. A. WILLIAMS,**
       Plaintiff,

    v.                                    Case No. 06-C-1124

**OFFICER BRENT MISCICHOSKI,**
**OFFICER PRATT, OFFICER KLINE,**
**OFFICER HANANAN and**
**CITY ATTORNEY GRANT LANGLEY,**
       Defendants.

---

## DECISION AND ORDER

      Plaintiff, David L. A. Williams, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis on various claims. Before me is plaintiff's motion for reconsideration of my order dated July 30, 2007. On that date, I screened the complaint under 28 U.S.C. § 1915A and permitted plaintiff to proceed on a Fourth Amendment unlawful arrest claim, a Fourteenth Amendment due process claim and § 1983 conspiracy claim against defendants Brent Miscichoski, Officer Pratt, Officer Kline, Officer Hananan and City Attorney Grant Langley. I dismissed defendant Milwaukee Police Department because it is not a suable entity under § 1983 and defendant Vagginini for lack of personal involvement. Additionally, I denied plaintiff's request for witnesses as premature.

      Plaintiff's asserts that he is entitled to reconsideration of this order because: (1) Officer Vagginini, as defendant Pratt's partner, should be ordered present in these proceedings; (2) City Attorney Cynthia Fricker appeared at the hearing denying plaintiff's open records request, not defendant Langley; and (3) Milwaukee Police Department Officers James Guilder and Timothy Graham should appear as witnesses because they were

responsible for plaintiff's arrest. Based on these assertions, plaintiff's arguments fall into two categories: those concerning the screening order and those pertaining to his request for witnesses. I will address each argument in turn.

### A. Reconsideration of the Screening Order

First, plaintiff seeks reconsideration of the portion of the July 30, 2007 order screening his claims. Specifically, he contends that: (1) the court erred in dismissing Officer Vagginini for lack of personal involvement because he was defendant Pratt's partner; and (2) City Attorney Cynthia Fricker appeared at the hearing denying plaintiff's open records request, not defendant Langley. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any . . . circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill. 1996).

Review of the July 30, 2007 decision and order reveals that I dismissed Officer Vagginini because the complaint failed to allege any personal involvement on his part. Indeed, Officer Vagginini was not even mentioned in the body of the complaint.

2

Now, plaintiff asserts that Officer Vagginini was defendant Pratt's partner and, therefore, he was personally involved in the alleged wrongdoing. The complaint sets forth one potential claim against an individual identified as defendant Pratt's partner. Specifically, the complaint asserts that defendant Pratt ordered his partner to shoot plaintiff. (See Compl. at 4.) Plaintiff's claim, even if it applies to Officer Vagginini, fails to show Vagginini's personal involvement because section 1983 does not create collective or vicarious responsibility. See Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996); Pacelli v. deVito, 972 F.2d 871, 878 (7th Cir. 1992). Moreover, I have already held that defendants' threats to shoot plaintiff, while unprofessional, do not violate his constitutional rights. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the laws."). For these reasons, plaintiff's motion for reconsideration of this claim will be denied.

Next, plaintiff claims that reconsideration is warranted because Cynthia Fricker was responsible for denying his open records request and not defendant Langley. However, the complaint does not name Cynthia Fricker as a defendant and plaintiff has made no allegations of wrongdoing against her. Additionally, plaintiff does not ask to substitute Cynthia Fricker for defendant Langley or any other defendant in this case.

In light of the foregoing, it appears that plaintiff wants to amend his complaint to include a claim against Cynthia Fricker. However, plaintiff may not use a motion for reconsideration to add a new claim against a new defendant. Instead, he must file a motion under Federal Rule of Civil Procedure 15 if he wishes to alter or amend the original complaint. Therefore, plaintiff's motion for reconsideration of this claim will be denied.

However, plaintiff is advised that he may file a motion to amend the complaint if he wishes to add a claim against Cynthia Fricker. If plaintiff files a motion to amend, he must attach to the motion a copy of the proposed amended complaint. See Civil Local Rule 15.1 (E.D. Wis.). Because an amended complaint supercedes a prior complaint, plaintiff will need to file an amended complaint which incorporates the allegations set forth in his initial complaint. See Duda v. Bd. of Ed. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998). Any matters not set forth in the amended complaint will be, in effect, withdrawn. Id. Once it is received by the court, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

A final comment is necessary with respect to plaintiff's motion for reconsideration of the screening order because he makes several arguments concerning claims and defendants that were not dismissed. For example, he states that: (1) defendant Miscichoski testified that he was the arresting officer, not that he wrote a police report; (2) plaintiff was told by attorney Vladimir Gorokhovsky that he could not obtain Officer Guilder's records through an open records request; (3) plaintiff never requested defendant Miscichoski's records; (4) and defendant Hananan threatened plaintiff because he was in charge of the nuisance squad, which plaintiff was never a part of. Based on these statements, it appears that plaintiff seeks to clarify or supplement his claims. If plaintiff wishes to change any claim, he may do so by filing a Rule 15 motion to amend pursuant to the procedure set forth in the above paragraph.[1]

---

[1] The court further notes that plaintiff filed a letter on October 12, 2007, which presents new information that was not set forth in the complaint. If plaintiff wishes to make this information part of the complaint, he may file a motion to amend under Rule 15.

4

### B. Reconsideration of Request for Witnesses

Next, plaintiff argues that the court erred in denying his request to have Milwaukee Police Department Officers James Guilder and Timothy Graham appear as witnesses because they were responsible for arresting him. Review of the July 30, 2007 order reveals that plaintiff's request for Officers Guilder and Graham to appear as witnesses was denied without prejudice because defendants had not been served with the complaint, no answer was filed, no discovery had been conducted and it was unclear whether it would be necessary to call any witnesses. Although several defendants have since been served with the complaint, plaintiff has not demonstrated that denial of his request for witnesses was in error or that it would result in manifest injustice. See Rothwell, 827 F.2d at 251. Indeed, because plaintiff's request was denied without prejudice, he is free to re-file it at the appropriate time. Therefore, plaintiff's motion for reconsideration of this request will be denied.

As a final matter, plaintiff has filed a letter indicating that the court directed him to send copies of his filings to the wrong attorney. See Fed. R. Civ. P. 5 (every paper subsequent to the complaint shall be served upon each of the parties pursuant to the procedure set forth in this rule). Specifically, he avers that Assistant Attorney General Charles Hoornstra is representing defendants and not Assistant Attorney General Corey F. Finkelmeyer. However, there is no record of Attorney Hoornstra having made an appearance on behalf of any defendant in this case. And, a copy of the complaint was sent to Attorney Finkelmeyer because he represents the Wisconsin Department of Corrections in civil rights actions filed by state prisoners. However, plaintiff does not have to serve a copy of every paper he files on Attorney Finkelmeyer.

5

At this stage of the proceedings, Attorney Jan Smokowicz has appeared for defendants Pratt and Langley and Attorney Jonathan Cermele has appeared for defendant Miscichoski. Pursuant to Federal Rule of Civil Procedure 5, plaintiff must continue to send copies of his filings to Attorneys Smokowicz and Cermele and defendants Kline and Hananan, who are unrepresented at this time.

### **CONCLUSION**

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion for reconsideration (Docket # 20) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 14 day of December, 2007.

/s
LYNN ADELMAN
District Judge

6