UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID L.A. WILLIAMS,

    Plaintiff,

  v.                                      Case No. 06-C-1124

OFFICER MISCICHOSKI,
OFFICER PRATT, OFFICER KLINE,
OFFICER HANANAN and
CITY ATTORNEY GRANT LANGLEY,

    Defendants,

## DECISION AND ORDER

Plaintiff, David L. A. Williams, filed this pro se civil rights complaint under 42 U.S.C. § 1983 and is proceeding in forma pauperis on various claims. Before me is plaintiff's motion for reconsideration of my order dated July 9, 2008. On that date, I addressed a number of pending motions.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)

(quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In his motion for reconsideration, plaintiff argues he is being discriminated against because the Milwaukee Police Department cannot be a defendant in this case. However, plaintiff offers no basis for his argument. Nor does he suggest new law changing the longstanding rule that the police department is not a separate entity that can be sued under § 1983. See Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997); see also West v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997). Plaintiff's motion for reconsideration will be denied.

Plaintiff also discusses my instructions for which counsel is to receive copies of correspondence and pleadings in this litigation. The inclusion of those directions in both my December 14, 2007 order and my July 9, 2008 order was for plaintiff's benefit. There is nothing about them to reconsider.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket #50) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18 day of July, 2008.

/s
LYNN ADELMAN
District Judge

2