UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID LEE A WILLIAMS,

        Plaintiff,

        v.                                             Case No. 06-C-1124

MILWAUKEE POLICE DEPARTMENT OFFICER BRENT MISCICHOSKI,
CITY ATTORNEY GRANT LANGLEY,
OFFICER PRATT, OFFICER KLINE,
and OFFICER HANANAN,

        Defendants.

## DECISION AND ORDER

Plaintiff, David L. A. Williams, is proceeding pro se on claims that his civil rights have been violated. In a decision and order dated May 22, 2009, I directed defendants to respond to plaintiff's "Motion of Discovery" on or before June 1, 2009. Now before me is plaintiff's motion, along with defendants' response. Plaintiff has also filed an additional "Motion of Objections," which is also before me.

The relief plaintiff seeks from his original motion is unclear, but it seems to relate to his identification of the defendant sued as "Officer Hananan." He prefaces his motion by saying that it is in response to defendants' status update to the court, in which defendants indicated that "Officer Hananan" and another defendant had not been served. The exhibit to plaintiff's motion provides contact information for Milwaukee Police Department Officer A. Hannah, who was located in District 3 as of January 2, 2009. Quite frankly, much of plaintiff's motion is incomprehensible. However, the implication is that plaintiff believes Officer Hannah is the individual he intended to name as a defendant and he would like to

have Officer Hannah served with the complaint. It is unclear how plaintiff got this information. He says something about a private investigator and an attorney, but he does not indicate why he believes now that P.O. A. Hannah is the officer he intended to name as a defendant in this suit.

Plaintiff has also filed a "Notice to the Court," in which he advised that "Officer Hananan" is employed at the First District police station and thus the three attempts to serve him at the Third District were in error. Plaintiff reminded the court that the document he submitted contained a phone number for the officer. He concluded: "Hence upon acknowledgment of this submission you may want to tour the correct police district." (Plaintiff's Notice).

In their response, defendants maintain that it is too late for plaintiff to submit this information or attempt to change the name of one of the defendants. They argue:

> If there is an officer with a name that is close, but not quite what has been designated by Mr. Williams in the complaint, that may have been the proper subject of discovery or a motion in August 2007. It is not now, particularly if this issue is resolved by any dispositive motions to be filed later this month.

(Defendants' Response at 2.)

It is the duty of the United States Marshal to serve documents on behalf of prisoners proceeding in forma pauperis. However, the Marshal cannot effect service if plaintiff has provided an incorrect name. During the pendency of this case, the United States Marshal has made several attempts to serve Officer Hananan, but was understandably unsuccessful

2

since he had the wrong name for the officer.[1] I will not fault the U.S. Marshal for being unable to serve a defendant when given the wrong name.

Moreover, in a Scheduling Order dated November 5, 2008, I instructed the parties to complete discovery by February 5, 2009, and to file any dispositive motions on or before March 5, 2009. According to plaintiff's submissions, it seems that he has had this information since at least January 2, 2009. Yet he did not bring a motion to serve the correct defendant at that time; nor did he file a motion to amend or correct his complaint. In fact, plaintiff did nothing to present this information to the court while discovery was still open or before the dispositive motion deadline.

In any event, it is far too late to substitute a party, even if plaintiff had properly brought a motion to do so. Defendants would be prejudiced by the addition of a new defendant at this stage in the litigation. As a result, I will deny plaintiff's motion of discovery. I will also deny plaintiff's "Motion of Objections," which is really just another brief on the same issue.

## CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion for discovery (Docket #63) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion of objections (Docket #68) is **DENIED**.

---

[1] A waiver of service packed was returned unexecuted as to "Officer Hananan" on November 16, 2007, and a summons was returned unexecuted on July 10, 2008. The summons indicates there is no "Officer Hananan" in the MPD officer database.

3

Dated at Milwaukee, Wisconsin, this 22 day of June, 2009.

/s
LYNN ADELMAN
District Judge