## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**DAVID LEE ANTHONY WILLIAMS**
      **Plaintiff,**

    v.                                                             **Case No. 06-C-1124**

**OFFICER MISCICHOSKI, OFFICER PRATT, OFFICER KLINE, OFFICER HANANAN and CITY ATTORNEY GRANT LANGLEY,**
      **Defendants.**

---

### ORDER

Pro se plaintiff David Lee Anthony Williams brings this § 1983 action against several City of Milwaukee police officers and Milwaukee City Attorney Grant Langley, alleging that the officers arrested him without probable cause, that Langley withheld exculpatory evidence and that the officers conspired with Langley to withhold evidence. Before me now is defendants' motion for summary judgment.[1]

The relevant facts are as follows: on April 8, 2005, Officer James Gilder, working undercover, approached plaintiff and asked him if he knew where to get cocaine. Plaintiff replied that he did not, but that he did have oxycodone. Gilder then purchased two oxycodone pills from plaintiff with a ten-dollar bill with a prerecorded serial number. Gilder then identified plaintiff as the seller to several officers conducting surveillance, including

---

[1] Plaintiff also files a letter claiming to have requested representation from three attorneys. To the extent plaintiff intends this as a request for appointment for counsel, ithe request is denied. The issues are straightforward and the presence of counsel would be unlikely to affect the outcome of the case. See Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007).

defendant Miscichoski. Miscichoski and his partner detained plaintiff, who had the marked ten-dollar bill in his pocket. Gilder then arrested plaintiff.

After being criminally charged, plaintiff subpoenaed records of citizen complaints concerning Gilder. The City offered to make the information available for in camera inspection, but the court ultimately quashed the subpoena as improperly served. Plaintiff presents no evidence that Langley was involved in the matter.

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). I take the evidence in the light most favorable to plaintiff, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and will grant the motion only if no reasonable juror could find for plaintiff.

Plaintiff's first claims that Miscichoski arrested him without probable cause and prepared a false report about his arrest. However, the officers clearly had probable cause to arrest plaintiff. Mustafa v. City of Chi., 442 F.3d 544, 547 (7th Cir. 2006). The evidence was sufficient to justify the belief that plaintiff had committed an offense. Woods v. City of Chi., 234 F.3d 979, 996 (7th Cir. 2000). Further, plaintiff presents no evidence that Miscichoski prepared a report.

Secondly, plaintiff claims that Langley violated his right to due process by refusing to provide potentially exculpatory information. However, plaintiff presents no evidence that any information was wrongfully withheld or that Langley had any personal involvement in the matter. An individual cannot be held liable in a § 1983 action unless he personally

2

Case 2:06-cv-01124-LA   Filed 02/19/10   Page 2 of 3   Document 84

caused the alleged constitutional deprivation. <u>Sheik-Abdi v. McClellan</u>, 37 F.3d 1240, 1248 (7th Cir. 1994).

Plaintiff's third claim is that the defendant officers conspired with Langley to violate his right to due process by withholding exculpatory evidence. However, plaintiff presents no evidence either of a conspiracy or of any withholding of evidence. As plaintiff's underlying due process claim fails, so too does his conspiracy claim. <u>Goldschmidt v. Patchett</u>, 686 F.2d 582, 585 (7th Cir. 1982).

Therefore, for reasons stated,

**IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 18 day of February, 2010.

/s_____
LYNN ADELMAN
District Judge